COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Rodney Carnell Mays v. The State of Texas

Appellate case number:    01-13-00805-CR

Trial court case number:   1875634

Trial court:              County Criminal Court at Law No. 7 of Harris County

On September 4, 2013, appellant was convicted after a bench trial of the class A misdemeanor offense of assault of a family member for which he received a sentence of fifty-six days confinement in county jail, but he has since been released. On September 6, 2013, appellant's counsel timely filed a notice of appeal. On October 29, 2013, the clerk's record was filed. On February 20, 2014, the Clerk of this Court granted appellant's second extension request to file appellant's brief until April 22, 2014, and stated that absent extraordinary circumstances, it would not grant any further extensions.

On April 24, 2014, appellant's counsel, Clement B. Fink, filed a motion to withdraw the appeal, stating that appellant no longer wanted to pursue his appeal. However, on May 13, 2014, because appellant's counsel had failed to obtain appellant's signature as required by Texas Rule of Appellate Procedure 42.2(a), this Court denied appellant's motion, construed as a motion to dismiss. In that order, this Court also noted that it would consider a properly filed motion to dismiss if one was filed.

On May 22, 2014, the Clerk of this Court issued a notice to appellant's counsel, notifying counsel that if this Court did not receive appellant's brief within ten days of that notice, it may order the trial court to conduct a hearing as required by Texas Rule of Appellate Procedure 38.8(b)(2). Appellant did not respond.

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Clement B. Fink, shall be present. Appellant shall also be present for the hearing in.[1]

We direct the trial court to:

1) determine whether appellant still wishes to pursue this appeal;
2) if appellant does not wish to prosecute the appeal, provide a final deadline by which both appellant's counsel and appellant sign a written motion to dismiss and counsel files it with this Court, which shall be no more than 30 days from the date of the hearing;
3) if appellant does wish to prosecute the appeal, determine whether appellant is indigent;
4) if so, determine whether good cause exists to relieve Clement B. Pink of his duties as appellant's counsel, specifically addressing whether counsel's failure to timely file a brief constitutes good cause for removal;
   a. if good cause exists to remove counsel, enter a written order relieving Clement B. Pink of his duties as appellant's counsel, including in the order the basis for finding good cause for his removal, and appoint substitute appellate counsel at no expense to appellant;
   b. if good cause does not exist to remove counsel, provide a final deadline by which Clement B. Pink must file appellant's brief, which shall be no more than 30 days from the date of the hearing;
5) make any other findings and recommendations the trial court deems appropriate; and
6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2013); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. *See* TEX. R. APP. P. 34.5(c).

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

If appellant files a motion to dismiss which complies with Texas Rule of Appellate Procedure 42.2(a) within thirty days of the date of the hearing, together with a motion requesting that we reinstate the appeal, we may reinstate the appeal.

The court coordinator of the trial court shall set a hearing date, which shall be no later than 30 days from the date of this order, and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.

Judge's signature: /s/ <u>Evelyn V. Keyes</u>
                 ☒ Acting individually

Date: September 18, 2014